IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| AVALON CARE CENTER – FEDERAL WAY, LLC, | ) | Civil No. 2:10-CV-01038 BSJ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BRIGHTON REHABILITATION, LLC, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **& ORDER RE: INDEMNIFICATION** |
| _____ | ) | **(BRIGHTON-AEGIS)** |
| BRIGHTON REHABILITATION, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| v. | ) | |
| | ) | |
| AEGIS THERAPIES, INC., | ) | |
| | ) | |
| Third-Party Defendant and | ) | |
| Counterclaimant. | ) | |

<div style="border:1px solid black; text-align:center;">

**FILED**
CLERK, U.S. DISTRICT COURT
August 7, 2013 (2:02pm)
DISTRICT OF UTAH

</div>

* * * * * * * * *

This is a case of double-layered indemnity, and it calls upon this court to decide who gets to pay, and how much.

On March 1, 2007, Avalon Care Center-Federal Way, LLC ("Avalon") and Brighton Rehabilitation, LLC ("Brighton") entered into a Therapy Services Agreement by which Brighton was to provide physical therapy and rehabilitation services at Avalon's Federal Way facility in the State of Washington.[1]  That agreement included an indemnity clause:

11. <u>INDEMNIFICATION</u>

---

[1] These facts are distilled from this court's prior Order Granting Plaintiff's Motion for Summary Judgment, filed January 22, 2013 (CM/ECF No. 97), unless otherwise noted.

> A. COMPANY agrees to save, indemnify and hold FACILITY harmless from any injury or damage, including all reasonable attorneys fees and costs, that results to any person or property by or from any act or omission to act by the COMPANY or COMPANY'S agents, employees or invitees from any cause or causes whatsoever arising from or concerned with COMPANY'S performance under this AGREEMENT.

Brighton in turn entered into a contract with Aegis Therapies, Inc. dated April 1, 2007, to provide the physical therapy and rehabilitation services at the Federal Way facility that Brighton had promised to Avalon.

The Brighton-Aegis agreement also included an indemnity clause:

> Aegis shall save, indemnify and hold Brighton and its Affiliates harmless of and from any and all liability, loss, costs and expenses (including reasonable attorneys' fees) (collectively, "Losses") incurred directly or indirectly from any acts, errors or omissions of Aegis, its agents, employees or invitees from any cause arising from or relating to Aegis' performance under this Agreement, including losses sustained by Brighton as a result of errors in billing information by Aegis to Brighton, quality of care violations attributable to the omissions of Aegis in the provision and delivery of services and errors by Aegis in determining Medicare coverage for the services provided under this Agreement.[2]

On July 10, 2007, Kathleen Miller, a resident at the Federal Way facility, was injured while being transported by wheelchair to her physical therapy appointment by Aegis therapist Eileen Stanley.  In June of 2008, Ms. Miller filed a negligence suit against Avalon, seeking damages for her July 10, 2007 injury.  Avalon provided timely notice of the *Miller* lawsuit to Brighton and tendered its defense and indemnification pursuant to the Avalon-Brighton contract

---

[2](Defendant Brighton Rehabilitation's Combined (1) Memorandum in Response to Avalon's Motion for Fees and Costs and (2) Motion and Memorandum for Summary Judgment Against Aegis, filed March 22, 2013 (CM/ECF No. 108), at 6-7 ¶ 1 (quoting Brighton-Aegis contract, Art. 12.2); Exhibit 1 to Amended Third-Party Complaint, filed February 4, 2011 (CM/ECF No. 12).)

on October 23, 2008, but Brighton did not assume the defense of Avalon in the *Miller* lawsuit.[3]

Instead, on November 11, 2008,  Brighton sought indemnification from Aegis concerning the

*Miller* lawsuit under the Brighton-Aegis contract.  Five months later, counsel for Aegis informed

counsel for Avalon and Brighton that Aegis disputed any obligation to pay any amount on Ms.

Miller's claim or repay any amount to Brighton or Avalon.

Avalon defended itself in the *Miller* lawsuit, eventually negotiating a $100,000 settlement

of Ms. Miller's claim in May of 2009, and incurring substantial legal fees and costs along the

way.[4]  Avalon then commenced this action in October of 2010, seeking indemnification from

Brighton pursuant to their contract.  Brighton, in turn, filed a third-party complaint against Aegis,

seeking indemnification under the Brighton-Aegis contract.

There being no genuine dispute concerning the facts in this case, this court entered

judgment for Avalon against Brighton in the amount of $136,200, consisting of the $100,000

*Miller* settlement together with $36,200 prejudgment interest, plus unspecified costs and

postjudgment interest.[5]  This court also granted Avalon's motion for attorney's fees and costs

against Brighton, awarding Avalon $206,959.50, together with prejudgment interest on

$170,274.77 from May 24, 2009 until the date that judgment is entered, followed by post-

---

[3]Brighton retained its own counsel to protect its own interests in the *Miller* lawsuit and to procure a post-settlement resolution of the indemnity issues.

[4]Prior to the completion of the Miller settlement, Brighton was informed of, and agreed that, a $100,000 settlement was reasonable.

[5](*See* Order Granting Plaintiff's Motion for Summary Judgment, filed January 22, 2013 (CM/ECF No. 97); Judgment in a Civil Case, filed February 5, 2013 (CM/ECF No. 99).)

judgment interest as allowed by law.[6]  This court also granted summary judgment in favor of

Brighton as against Aegis, dismissing Aegis' counterclaim.[7]

     Aegis contends that Brighton's judgment should not include the $36,200 in prejudgment

interest on the *Miller* settlement paid by Brighton to Avalon, as well as the $170,274.77 in

attorney fees and costs, plus prejudgment interest of $68,176.29 on that amount, that Brighton

has paid to Avalon.[8]  Nor does Aegis concede that it should be required to (1) indemnify

Brighton for the $36,684.73 in attorney's fees that Brighton has paid to Avalon as the prevailing

party in this action; (2) reimburse Brighton for the $18,127.08 in attorney fees and costs incurred

by Brighton during the underlying *Miller* lawsuit and in its subsequent efforts to settle the

parties' indemnification dispute; or (3) reimburse Brighton for any additional attorney's fees

incurred by Brighton in pursuing its claim for indemnification against Aegis in this case.

     Brighton and Aegis filed cross-motions for summary judgment concerning these issues[9]

which were heard by this court on July 2, 2013 and taken under advisement.[10]

---

[6](*See* Order Granting Plaintiff's Motion for Fees and Costs, filed April 29, 2013 (CM/ECF No. 113); Judgment in a Civil Case, filed April 30, 2013 (CM/ECF No. 114).)

[7](*See* Minute Entry, dated November 27, 2012 (CM/ECF No. 94).)

[8]Brighton has now paid Avalon a total of $411,378.33, including attorney's fees of $36,684.73 incurred by Avalon in litigating this case.  (*See* Satisfaction of Judgment, filed May 15, 2013 (CM/ECF No. 116).)

[9](*See* Defendant Brighton Rehabilitation's Combined (1) Memorandum in Response to Avalon's Motion for Fees and Costs and (2) Motion and Memorandum for Summary Judgment Against Aegis, filed March 22, 2013 (CM/ECF No. 108); Cross-Motion and Memorandum for Summary Judgment on Brighton's Third-Party Complaint for Fees and Costs, filed May 6, 2013 (CM/ECF No. 119).)

[10](*See* Minute Entry, dated July 2, 2013 (CM/ECF No. 123.)

Aegis resists indemnifying Brighton beyond the $100,000 Miller settlement amount on several theories: (1) Aegis is not required to reimburse Brighton for any attorney's fees and costs incurred by Avalon with respect to the *Miller* lawsuit because they were incurred as a proximate consequence of Brighton's failure to accept Avalon's tender of defense;[11] (2) Aegis is not required to indemnify Brighton for attorney's fees and prejudgment interest paid to Avalon because they accrued in this case only because of Brighton's failure to pay Avalon promptly; (3) Aegis' duty to indemnify is limited to expenses that Aegis caused to be incurred; (4) Brighton is not entitled to reimbursement for prejudgment interest on Avalon's attorney's fees and costs as paid by Brighton because the fee amount remained unliquidated pending a "reasonableness" determination by the court; and (5) any attorney's fees incurred by Brighton with respect to the *Miller* lawsuit or this action need not be reimbursed because Brighton did not actually pay them—its insurer did.

---

[11]Aegis also disputes any obligation to indemnify Brighton for $60,626.25 in attorney's fees and $4,782.67 in costs incurred by Avalon *prior* to Brighton's written indemnification request to Aegis on November 11, 2008 — part of the $170,274.77 in attorney fees and costs paid by Brighton to Avalon.  *National Sur. Corp. v. Immunex Corp.*, 162 Wash.App. 762, 256 P.3d 439 (2011), cited by Aegis, instructs that "[u]nless it can show substantial and actual prejudice,"an insurer "is liable for pre-tender defense costs."  256 P.3d at 448.  Indeed, in order to show prejudice, the insurer must prove that an insured's belated tender of defense

> had an identifiable and material detrimental effect on its ability to defend its interests. . . .   If the insurer claims that its own counsel would have defended differently, it must show that its participation would have materially affected the outcome, either as to liability or the amount of damages. . . .   If the insurer claims that it was deprived of the ability to investigate, it must show that the kind of evidence that was lost would have been material to its defense.

*Id.* at 448-49 (citations omitted).  Aegis attempts no such showing in this case, and "[m]ere alleged late tender is not enough to prove as a matter of law it could or would have avoided all defense costs had timely tender been made."  *Id.* at 449.

-5-

Yet the Brighton-Aegis contract did not require Brighton to accept Avalon's tender of defense of the *Miller* lawsuit in October 2008 where Aegis itself did not accept Brighton's tender of defense in November 2008; to the contrary, it expressly provides that

> in the event the Indemnifying Party [Aegis] does not elect to assume the defense of any Claim, then any failure of the Indemnified Party [Brighton] to defend or participate in the defense of any Claim, or to cause the same to be done, shall not relieve the Indemnifying Party of its obligations hereunder.[12]

Moreover, had Aegis accepted Brighton's tender of defense in November 2008, Aegis could have avoided any needless delay in payment of Avalon's indemnity claim against Brighton by promptly addressing the matter itself.  But Aegis chose not to do so, and must now pay the price. That price includes $36,200 in prejudgment interest on the $100,000 *Miller* settlement—interest that accrued while both Brighton and Aegis spent the next four years grappling with the fact that they had signed agreements that included very broad indemnity clauses.

Aegis' duty to indemnify Brighton is not limited to only those legal expenses that Aegis itself has directly "caused" to be incurred.  The language of the Brighton-Aegis contract, quoted above, proves to be more expansive: "Aegis shall save, indemnify and hold Brighton and its Affiliates harmless of and from any and all liability, loss, costs and expenses (including reasonable attorneys' fees) . . . incurred *directly or indirectly* from any acts, errors or omissions of Aegis, its agents, employees or invitees from any cause arising from *or relating to* Aegis' performance" under the contract, including the conduct of an Aegis employee that caused the

---

[12](Exhibit 1 to Amended Third-Party Complaint, filed February 4, 2011 (CM/ECF No. 12), at 18 (Art. 12.4(d)).)

-6-

injury from which the *Miller* lawsuit arose in the first place.[13]  The fees and costs that Brighton

now seeks to recover from Aegis were incurred directly or indirectly from, and are relating to,

that event.  Aegis elected not to accept the defense of Brighton's exposure arising from that event

and the *Miller* lawsuit that followed, and thus takes Brighton's burden as it comes.

But that burden may not include prejudgment interest on Avalon's attorney's fees in the

amount of $154,629.36 accruing "from May 24, 2009 until the date that judgment is entered."

Aegis cites *Tri-M Erectors, Inc. v. Drake*, 27 Wash. App. 529, 537, 618 P.2d 1341, 1346 (1980),

for the proposition that:

> Prejudgment interest may be awarded
>
> > (1) when an amount claimed is liquidated, or (2) when the amount
> > claimed is unliquidated and this amount is determinable by
> > computation with reference to a fixed standard contained in the
> > contract.
>
> *Seattle v. Dyad Construction, Inc.*, 17 Wash. App. 501, 520, 565 P.2d 423 (1977).
> A claim is unliquidated if the principal must be arrived at by a determination of
> reasonableness.  *Ski Acres Development Co. v. Douglas G. Gorman, Inc.*, 8 Wash.
> App. 775, 781, 508 P.2d 1381 (1973). [14]

---

[13]Aegis also argued that it is not obligated to indemnify Brighton or Avalon absent proof
of negligence or other tortious "fault" in the part of its employee therapist.  (*See* Third-Party
Defendant Aegis Therapies, Inc.'s Combined Memorandum in Opposition to Third-Party
Plaintiff's Motion for Summary Judgment and in Support of Cross-Motion for Summary
Judgment on Brighton's Third-Party Complaint, filed August 17, 2012 (CM/ECF No. 78), at 14-
15.)  The broad indemnity clause language quoted above makes no reference to "fault" or
"proximate cause"; it encompasses loss and expense incurred directly or indirectly from any
*acts*" of Aegis' employees "from any cause arising from or relating to Aegis' performance" under
the contract—apart from employee "errors or omissions," negligence or fault.
    Ms. Stanley's 100-foot transport of Ms. Miller in a wheelchair without footrests was
indisputably such an "act" of an Aegis employee arising from or relating to Aegis' performance
under the contract.

[14](Third-Party Defendant Aegis Therapies, Inc.'s Combined Memorandum in Opposition
(continued...)

Aegis argues that "[s]ince the reasonableness of any attorney fees are disputed in this case concerning the fees and costs incurred prior to the tender to Aegis [in November 2008], awarding prejudgment interest on any award of attorney's fees is not proper."[15]  Indeed, Brighton initially disputed the reasonableness of all of Avalon's attorney's fees incurred in the *Miller* lawsuit,[16] and then conceded its obligation to indemnify Avalon for its reasonable attorney's fees, asserting that "this Court should grant the relief sought by Avalon, as follows:"

> 1. Grant summary judgment, for Avalon against Brighton, holding that Brighton must indemnify Avalon for $170,274.77 in attorney fees and costs, incurred by Avalon in the underlying *Miller* lawsuit, along with prejudgment interest at Utah's statutory ten percent annual rate on that amount, running from May 24, 2009 to the date that said summary judgment is entered.[17]

This court so ruled, granting Avalon's motion for an award of attorney's fees and costs.[18]

That ruling did not resolve the reasonableness issue raised by Aegis.  Brighton

---

[14](...continued)
to Third-Party Plaintiff's Motion and Memorandum for Summary Judgment and Cross-Motion and Memorandum for Summary Judgment on Brighton's Third-Party Complaint for Fees and Costs, filed August 17, 2012 (CM/ECF No. 115), at 20.)  This appears to be the current Washington law standard.  *See* 14A Wash. Prac., *Civil Procedure* § 35:13 (2d ed.) ("Prejudgment interest is not properly allowed if the amount of the claim is determinable only through a standard of reasonableness as contrasted with a fixed standard.").

[15](*Id.*)

[16](Defendant Brighton Rehabilitation Combined Memorandum (1) in Opposition to Avalon's Motion for Summary Judgment and (2) in Support of Brighton's Motion for Summary Judgment Against Aegis, filed June 29, 2012 (CM/ECF No. 63), at 15-16.)

[17](Defendant Brighton Rehabilitation's Combined (1) Memorandum in Response to Avalon's Motion for Fees and Costs and  (2) Motion and Memorandum for Summary Judgment Against Aegis, filed March 22, 2013 (CM/ECF No. 107), at 4.)

[18](*See* Order Granting Plaintiff's Motion for Fees and Costs, filed April 29, 2013 (CM/ECF No. 113); Judgment in a Civil Case, filed April 30, 2013 (CM/ECF No. 114).)

subsequently argued that Avalon's fee "amount became liquidated—i.e., fixed or settled—when Brighton, upon review of that documentation, conceded the amount and reasonableness of those fees and costs."[19]  But where Aegis disputes the reasonableness of the fees claimed by Avalon, Brighton's concession, by itself, does not resolve the issue.

Having reviewed and considered the materials submitted by Avalon in support of its fee claim,[20] this court concludes that the $154,629.36 in attorney's fees paid by Avalon was "reasonable" within the meaning of the parties' respective indemnification agreements, albeit a sum that significantly exceeds the $100,000 settlement of the *Miller* lawsuit as to which the fees were incurred.

While Brighton conceded its liability to Avalon for prejudgment interest on that fee amount accruing since May of 2009, Aegis did not.  Thus the reasonableness question vis-a-vis Aegis was not decided—and the Avalon fee amount was not liquidated—until now.  Aegis thus is not liable to indemnify Brighton for prejudgment interest paid to Avalon based upon Avalon's

---

[19](Combined Reply Memorandum in Support of Brighton's Motion for Summary Judgment Against Aegis and in Opposition to Aegis's Cross-Motion for Summary Judgment, filed June 7, 2013 (CM/ECF No. 121), at 17 (citing Defendant Brighton Rehabilitation's Combined (1) Memorandum in Response to Avalon's Motion for Fees and Costs and  (2) Motion and Memorandum for Summary Judgment Against Aegis, filed March 22, 2013 (CM/ECF No. 107), at 6 ("Avalon's fact recitation is supported by documentation and affidavits to show that its asserted attorney fees and costs, in both the Miller lawsuit and in this indemnification lawsuit, are accurate and reasonable.  Having studied that material, Brighton does not challenge the amount, nor the reasonableness, of those asserted fees and costs.")).)  Brighton would thus have prejudgment interest accrue from and after *March 22, 2013*, not May 24, 2009.

[20](Plaintiff's Motion and Memorandum for Attorney Fees and Costs, filed February 19, 2013 (CM/ECF No. 102), and annexed exhibits); Errata to Exhibit "4" Teague Affidavit Part IV to Plaintiff's Motion and Memorandum for Attorney Fees and Costs, filed February 19, 2013 (CM/ECF No. 103).)

claimed $154,629.36 in attorney's fees.[21]

Aegis is not excused from its obligation to reimburse Brighton for attorney's fees incurred in Brighton's defense because Brighton's defense costs were actually paid by Brighton's insurer.  Courts have observed that

> [i]t is well-settled that an award of attorney fees is not necessarily contingent upon an obligation to pay counsel.  Generally, "awards of attorneys' fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel.  The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards."

*Wilson v. General Services Administration*, 126 F.3d 1406, 1409 (Fed. Cir. 1997) (quoting *Rodriguez v. Taylor*, 569 F.2d 1231, 1245 (3d Cir.1977)).  *Wilson* addressed whether a party "has and 'incurred' legal fees when its insurer is responsible for paying them," *id.* at 1408, reasoning that an insured litigant "pays a third party . . . for certain benefits," and "[a]mong these benefits is legal representation for which the litigant will incur no additional obligation of payment to counsel.  In this regard, . . . the insured can be viewed as having incurred legal fees insofar as they have paid for legal services in advance as a component of the . . . insurance premiums."  *Id.* at 1409-10.

In *Staples v. Hoefke* 189 Cal. App. 3d 1397, 235 Cal. Rptr. 165 (1987), an unsuccessful plaintiff suing on a contract containing a fees provision challenged the trial court's award of fees because the fees would ultimately go to defendant's insurance carrier.  The court concluded that

> [a]ssuming plaintiffs did establish that the fees ultimately went to Farmers

---

[21]Brighton's—and Aegis'—duty to indemnify for out-of-pocket costs incurred by Avalon in connection with the *Miller* lawsuit does not depend upon a reasonableness determination, and thus the $15,645.41 in costs claimed by Avalon was a liquidated amount from and after May 2009, and thus Aegis has a duty to indemnify Brighton for prejudgment interest accruing on that amount.

Insurance Company, we can perceive of no reason why plaintiffs should profit from defendant Hoefke's foresight in obtaining insurance coverage. Plaintiffs were not entitled to avoid their contractual obligation to pay reasonable attorney fees based on the fortuitous circumstance that they sued a defendant who obtained insurance coverage providing a defense.

189 Cal. App. 3d at 1410. More recently, in *Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641,

145 Cal. Rptr. 3d 641 (2012), the court rejected the view urged by Aegis: "there is no support for

Horn's argument that Nemecek cannot be reimbursed for attorney fees which were not actually

paid," explicitly rejecting "Horn's contention that the attorney fee request should have been

denied because the fees were paid by Lawyers Mutual [the insurer] rather than Nemecek itself."

208 Cal. App. 4th at 649, 650.[22]

Aegis also remains liable to Brighton for costs of court and reasonable attorney's fees

incurred by Brighton as a prevailing party in enforcing the Brighton-Aegis contract, apart from its

---

[22]This appears to be the general rule in California. *See, e.g.,* Richard M. Pearl, *California Attorney Fee Awards* (Cont. Ed. Bar 1999) (Attorney Fee Awards Based on Contract, § 6.16, p. 6-20 (observing that the claim "that a losing party . . . should not have to pay attorney fees if the prevailing party did not, in fact, have to pay" them "has been rejected numerous times")); *Lolley v. Campbell*, 28 Cal. 4th 367, 373 (2002) ("[I]t has been generally agreed that a party may 'incur' attorney fees even if the party is not personally obligated to pay such fees."); *cf. Skistimas v. Old World Owners Ass'n*, 127 Cal. App. 4th 948, 26 Cal. Rptr. 3d 319, 321 (2005) ("[I]n cases involving a variety of statutory fee-shifting provisions, California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets.").

Aegis' reliance upon *Bramalea California, Inc. v. Reliable Interiors, Inc.*, 119 Cal. App. 4th 468, 14 Cal. Rptr. 3d 302 (2004), appears to be misplaced, given the factual dissimilarities between that case and this one, as well as the broader view under California law that prevailing parties may recover attorney's fees that were actually paid by their insurer.

Moreover, the Brighton-Aegis contract provides that "[t]his Agreement shall be governed and construed in accordance with the laws of the state in which the facility is located," (Exhibit 1 to Amended Third-Party Complaint, filed February 4, 2011 (CM/ECF No. 12), at 22 (Art. 15.15)), in this case the State of Washington, not California. Aegis cites no Washington authority in support of its argument on this point.

contractual duty to indemnify.[23]  The full amount of the fees and costs that Brighton claims to have incurred in the context of this litigation as against Aegis has yet to be determined;[24] the same is true as to the reasonableness of the claimed amount.

**CONCLUSION**

As explained in some detail, I find the issues for decision in favor of Brighton, the moving party, and against Aegis.  The parties' indemnification agreement says what it says, and the fees now sought appear to be those incurred and billed, although the size of the fee amount, compared to the substantive "settlement" amount, is fraught with irony.

For the reasons explained above,

**IT IS ORDERED** that defendant and third-party plaintiff Brighton Rehabilitation, LLC's Motion and Memorandum for Summary Judgment Against Aegis (CM/ECF No. 108) is hereby GRANTED to this extent:

--------

[23] (*See* Exhibit 1 to Amended Third-Party Complaint, filed February 4, 2011 (CM/ECF No. 12), at 20 (Art. 15.2) ("If any action at law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover costs of court and reasonable attorneys' fees from the other party, which fees shall be in addition to any other relief to be awarded . . . .").)

[24] According to Brighton,

Per supplemental discovery to be served shortly, those legal expenses currently exceed $84,000.00, for service through January 2013 only.  The additional time required to litigate this current round of motions will add to this amount. This current round of motions should be the final such round; upon entry of the Court's judgment(s) resolving the current motions, Brighton will submit complete documentation of fees and costs, under the "Court Costs and Attorneys' Fees" clause of the Brighton-Aegis contract, and under Fed. R. Civ. P. 54(d)(2).

(Defendant Brighton Rehabilitation's Combined (1) Memorandum in Response to Avalon's Motion for Fees and Costs and (2) Motion and Memorandum for Summary Judgment Against Aegis, filed March 22, 2013 (CM/ECF No. 108), at 15.)

1.  Judgment should be entered in favor of Brighton and against Aegis in the amount of $136,200, representing Avalon's $100,000 *Miller* lawsuit settlement together with $36,200 in prejudgment interest accrued thereon, for which Brighton has already indemnified Avalon;

2.  Judgment should be entered in favor of Brighton and against Aegis in the amount of $170,274.77 in attorney's fees and costs incurred by Avalon in the *Miller* lawsuit and reimbursed by Brighton, together with prejudgment interest on the $15,645.41 in costs incurred by Avalon accruing from May 24, 2009 until the date of entry of judgment against Aegis;

3.  Judgment should be entered in favor of Brighton and against Aegis in the amount of $36,684.73 in attorney's fees and costs incurred by Avalon in pursuing its indemnification claim against Brighton in the above-entitled action and subsequently reimbursed by Brighton; and

4.  Judgment should be entered in favor of Brighton and against Aegis in the amount of $18,127.08 in attorney fees and costs incurred by Brighton during the underlying *Miller* lawsuit and in Brighton's subsequent efforts to settle the parties' indemnification dispute after May of 2009; together with Brighton's costs of action in this case; and

**IT IS FURTHER ORDERED** that third-party defendant Aegis Therapies, Inc.'s Cross-Motion for Summary Judgment on Brighton's Third-Party Complaint for Fees and Costs (CM/ECF No. 119) is hereby DENIED except as to prejudgment interest accrued on $154,629.36 in attorney's fees paid by Avalon in connection with the *Miller* lawsuit; as to that prejudgment

interest, the motion is GRANTED.

Attorney's fees and costs incurred by Brighton in pursuing its indemnification claim against Aegis in the above-entitled action will be the subject of a separate motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) yet to be filed by Brighton.

DATED this _7th_ day of August, 2013.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge